Sung Woo Choi, Esq. [SBN: 243927]
**LOGOS PROFESSIONAL LAW CORPORATION**
Equitable Building
3435 Wilshire Blvd., Ste. 1810
Los Angeles, CA 90010
Phone: (213) 814 - 2442
Fax: (844) 564 – 6788

*Attorney for Defendants:*
Westwood Marketplace, LLC; A Mi Japanese Restaurant, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BRIAN WHITAKER, an individual, | **Case No.:** 2:20-cv-9641-ODW (MRWx) |
| Plaintiff, | |
| v. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** |
| WESTWOOD MARKETPLACE, LLC, a California Limited Liability Company; A MI JAPANESE RESTAURANT, INC., a California Corporation, | **Date: January 11, 2021** **Time: 1:30 P.M.** **Courtroom: 5D** |
| Defendants. | |

**TO THE COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on January 11, 2021, at 1:30 P.M., or as soon thereafter as the matter may be heard, in Courtroom 5D of this Court, located at, 350 West First Street, Los Angeles, California 90012, Defendants Westwood Marketplace, LLC ("**Westwood**") and A Mi Japanese Restaurant, Inc., ("**A Mi**") (collectively, "**Defendants**") will, and hereby do move the Court to dismiss

1

Plaintiff Brian Whitaker's ("**Plaintiff**") Complaint for Damages and Injunctive Relief for alleged Violations of: American with Disabilities Act ("**ADA**"); Unruh Civil Rights Act ("**Unruh Act**") ("**Complaint**" or "**Compl.**") pursuant to Rules[1] 8 and 12(b)(6) and 28 U.S.C. § 1367(c).

This Motion is made following conference of counsel for both parties pursuant to L.R. 7-3 that took place on November 18, 2020. As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. First, Plaintiff appears to have filed this action, which is patterned after similar disability-discrimination lawsuits filed in this district and the neighboring Southern District of California, with the intent to evade heightened pleading standards and increased filing fees California has imposed on repeat disability-discrimination filers such as Plaintiff. As such, good cause exists for the Court to join district courts in hundreds of disability-discrimination cases filed since 2017 and decline jurisdiction over Plaintiff's Unruh Act claim.

Moreover, even if the Court were to retain jurisdiction over all of Plaintiff's claims, Plaintiff fails to provide any of the requisite facts to establish a claim for violation of the ADA or Unruh Civil Rights act. His Complaint is threadbare, relying as it does upon boilerplate language, recitations of law and conclusory allegations. In turn, because Plaintiff's Complaint does not state facts sufficient to support a grant of relief, nor does it provide fair notice to Defendants. Finally, in the alternative if the Court is not inclined to grant the relief requested, Defendants request that the Court grant a stay to the litigation to allow for mediation.

This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

---

[1] Rule references are to the Federal Rules of Civil Procedure unless otherwise indicated.

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

DATED: November 24, 2020

**LOGOS PROFESSIONAL LAW CORPORATION**



By:

**Sung-Woo Choi, Esq.**
Attorneys for Defendants
Westwood Marketplace, LLC
A Mi Japanese Restaurant, Inc.

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff is a quadriplegic confined to a wheelchair. Compl. ¶ 1. He also is a repeat filer of lawsuits; it appears that in the year leading up to the filing of the instant action, Plaintiff filed lawsuits at the rate of approximately one per day, or 365 actions within one year in just the U.S. District Court for the Central District of California (he has filed additional disability discrimination lawsuits in the Southern District of California). Exhibit A to Request for Judicial Notice ("**RJN**"), filed herewith. His lead counsel apparently filed 1,515 lawsuits within the same time period. Exhibit B to RJN.

In the present case, Plaintiff allegedly went to A Mi in or about January 2020 with the intention to "avail himself of its goods and to assess the business for compliance with the disability access laws." Compl. ¶ 10. Plaintiff alleges that on the unspecified date of his visit, Defendants failed to provide him access to wheelchair-accessible "dining surfaces" and/or that such dining surfaces lacked adequate knee or toe space for wheelchair users, all in violation of the ADA. Compl. ¶¶ 12-14. Plaintiff speculates that "there are other features of the dining surfaces that likely fail to comply with ADA standards …." Compl. ¶ 15.

Plaintiff additionally alleges various deficiencies with the restroom, such as a too-high sink, exposed hot-water plumbing and a "path" leading to it that is too narrow – but he admits that he "did not confront [such] barriers." Compl. ¶ 20. Plaintiff allegedly intends to return to A Mi to determine if the restaurant has become ADA-compliant, but further alleges has yet to do so based on the existence of the alleged barriers during his previous visit and "yet other barriers" that he speculates may exist. Compl. ¶¶ 23-24.

Plaintiff seeks injunctive relief under the ADA and Unruh Act plus statutory damages under the latter, in addition to attorney fees and costs. Compl.,

at 7-8. As discussed below, the Court should deny such relief. First and foremost, this lawsuit seems to be nothing more than an unlawful attempt to shake down Defendants for some quick cash. Plaintiff Brian Whitaker has been filing cases in this district alone at a rate of a lawsuit a day, numerous of them including the same boilerplate language he uses in his Complaint herein. *See infra*, part I.B. Plaintiff appears to have chosen to file what in essence is a state law Unruh Act matter in this Court to evade California's heightened pleadings standards and elevated filing fees for repeat filers like him.

As discussed in the accompanying Memorandum, this Court should join others in this district and the neighboring Southern District of California and find that the interests of economy, convenience, fairness, and, especially, comity are best served by declining jurisdiction over Plaintiff's Unruh Act claim. Even if the Court accepts jurisdiction over that claim, it should dismiss both the Unruh Act and ADA claims for failure to meet the basic pleading requirements under Rules 8 and 12.

In sum, as explained herein the Court should decline jurisdiction over Plaintiff's Unruh Act claim or, at minimum, order Plaintiff to **show cause** why the Court should assert supplemental jurisdiction over said claim. Even if the court retains such jurisdiction, it should dismiss Plaintiff's Complaint in its entirety for failure to state a claim. In the alternative, should the court not be inclined to grant any of the relief requested herein, Defendants respectfully request that the Court issue a **stay** on the within litigation to allow the parties to mediate this dispute.

## ARGUMENT

### I. The Court should decline supplemental jurisdiction and dismiss Plaintiff's Unruh Act claim.

Emphasizing the limited jurisdiction of federal district courts, the U.S. Supreme Court stated, "It is to be presumed that a cause lies outside this limited

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Turner v. Bank of North America,* 4 U.S. (4 Dall.) 8, 11 (1799)). Thus, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. As discussed herein, Plaintiff does not and cannot meet this burden.

Generally, district courts with original jurisdiction over one or more claims have supplemental jurisdiction over state law claims that are so related as to form the same case or controversy. *See* 28 U.S.C. § 1367(a); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997). A district court may decline supplemental jurisdiction over a matter if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). It also may decline to take jurisdiction if state law claims predominate over federal law claims. 28 U.S.C. § 1367(c)(2). As explained below, given that California state law provides every form of relief Plaintiff seeks and the within lawsuit evidently was filed in this Court to evade strict pleading requirements under California law, there are compelling reasons for this Court to decline jurisdiction pursuant to 28 U.S.C. § 1367(c)(4) as a matter of comity and to discourage forum-shopping, and for the additional reason that Plaintiff's Unruh Act claim predominates over his ADA claim.

Plaintiff alleges discrimination against his equal enjoyment of "goods" in a place of public accommodation in violation of the ADA. Compl. ¶¶ 10, 26; 42 U.S.C. § 12182(a). Specifically, Plaintiff alleges that Defendants failed to make reasonable modifications to its premises, remove "architectural barriers" and make alterations to comply with the ADA. Compl. ¶ 26 (citing 42 U.S.C. §§ 12182(b)(2)(A)(ii) & (iv), 12183(a)(2)). Plaintiff further alleges that Defendants did not provide accessible "paths of travel," dining surfaces and restrooms. Compl. ¶¶ 12, 13, 19, 27-32. Plaintiff seeks **only injunctive relief** (plus attorney fees and costs) and cannot recover monetary damages under the ADA. Compl., at 7:24-25,

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

8:3-4; *e.g. Antoninetti v. Chipotle Mexican Grill, Inc*., 643 F.3d 1165, 1174 (9th Cir. 2010) ("Injunctive relief is the sole remedy available to private parties under the [ADA]; it does not authorize a claim for money damages").

Meanwhile, Plaintiff also seeks relief under those provisions of the Unruh Act found at Cal. Civ. Code §§ 51-53.[2] Compl., at 6:28-7:2. The relevant portion of the Unruh Act offers similar relief to that Plaintiff claims under the ADA. *Compare* Cal. Civ. Code § 51(b) (all persons within the jurisdiction of California, no matter their disability, "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever") *with* 42 U.S.C. § 12182(a) (prohibiting discrimination based on disability in the "equal enjoyment of goods, services, facilities, privileges advantages or accommodations in any place of public accommodation ….."). Further, as Plaintiff admits, a violation of the ADA is a violation of the Unruh Act. Compl. ¶ 37 (citing Cal. Civ. Code § 51(f)). The Unruh Act provides not only for injunctive relief and attorney fees, as does the ADA, but also statutory monetary damages, for a violation of its anti-discriminatory provisions. Cal. Civ. Code § 52(a) & (c)(3). Thus, as further detailed herein, the Unruh Act provides all the relief Plaintiff requests, warranting denial of jurisdiction over Plaintiff's state law claim. *See Schutza v. Cuddeback*, 262 F.Supp.3d 1025, 1031 (S.D. Cal. 2017) ("It is unclear what advantage – other than avoiding state-imposed pleading requirements – Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act").

---

[2] Plaintiff specifies that he does not "seek[] injunctive relief under the Disabled Persons Act at all" and does not invoke Cal. Civ. Code § 55. California Civil Code section 55 applies only to California Civil Code sections 54 and 54.1. *Id*. Because Plaintiff sues under California Civil Code sections 51-53, Compl., at 6:28-7:2, it is unclear why Plaintiff specifies that he does not seek injunctive relief under California Civil Code section 55.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

### A. Plaintiff filed suit in this Court seemingly to avoid California's heightened pleading requirements, which he cannot meet.

The California Legislature, "in an attempt to deter baseless claims and vexatious litigation," adopted heightened pleading standards for disability-discrimination lawsuits. *Velez v. Il Fornario (Am.) Corp.*, 3:18-cv-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). For example, a disability-discrimination plaintiff suing in California under the Unruh Act "must include in his complaint: (1) an explanation of the specific access barrier or barriers encountered; (2) the way in which the barrier denied the individual full and equal access, or in which it deterred the individual on each particular occasion[;] (3) the date/s when the claimant encountered the specific barriers." *Id.* at *6 n.4 (citing Cal. Code Civ. P. ("**CCP**") § 425.50).

CCP § 425.50 includes further requirements of high-frequency litigants – defined as plaintiffs who file 10 or more construction-related accessibility complaints[3] resolved within the 12-month period immediately preceding the filing of the current construction-related accessibility complaint. CCP §§ 425.50(a)(4)(B), 425.55(b)(1). The legislature, in passing these statutes, cited the filing of a "disproportionately large number" of construction-related accessibility complaints by just two law firms and a "very small number of plaintiffs." CCP § 425.55(a)(2). "Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation." *Id.* In other words, a small number of plaintiffs and counsel – such as the litigants herein – are vexing and shaking down California small businesses such as Defendants by using the ADA and Unruh Act to file boilerplate lawsuits against them.

---

[3] Construction-related accessibility claims are defined at Cal. Civil Code § 55.52(a)(1).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

"This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under" the ADA and Unruh Act. CCP § 425.55(a)(2). To slow the pace of these unfair lawsuits, the Legislature additionally established a $1,000 filing fee for high-frequency litigants defined at CCP § 425.55. Cal. Govt. Code § 70616.5; *see Garibay v. Rodriguez*, CV 18-9187 PA (AFMx), 2019 WL 5204294, at *2 (C.D. Cal. Aug. 27, 2019). However, California's pleading restrictions on high-frequency, disability-discrimination plaintiffs do not apply in this Court, because they "are procedural." *Yiun v. Go Pocha, LLC*, CV 20-3834-CJC (KSx), 2020 WL 6083440, at *3 (C.D. Cal. May 21, 2020).

Here, Plaintiff's Complaint lacks the allegations required under CCP § 425.50(a) and thus would not survive demurrer (dismissal) if taken in state court. Moreover, it appears that either Plaintiff or his counsel or both are high-frequency litigants as defined under the relevant California statutes. *See* 425.55(b)(2) (defining high-frequency-litigant attorneys). A query of PACER in this district alone shows that Brian Whitaker, Plaintiff herein, is a plaintiff in 365 cases filed between October 21, 2019 and October 20, 2020, i.e. the year prior to his filing of the instant action, a majority of which closed within the year. Exhibit A to RJN. Even a cursory glance at the list of these cases shows that at least dozens of the defendants that Plaintiff sued at the rate of about a lawsuit a day are coffee shops, restaurants or other places of accommodation. *Id*. Likewise, lead counsel for Plaintiff has filed 1,515 cases in the same time frame in this district, the majority of which have closed. Exhibit B to RJN.

Central District Judge Anderson recently documented the dramatic empirical and proportionate increase in ADA cases in this district in the wake of California's enactment of restrictions on high-frequency disability-discrimination litigants; such

cases rose from 419 cases (3% of civil filings) in 2014 to 1,868 cases (24% of civil filings) in the first six months of 2019. *Garibay*, 2019 WL 5204294, at *4. Judge Anderson concluded, "By filing these actions in federal court, plaintiff [similarly to Plaintiff herein] has evaded [California's filing] limits and sought a forum in which plaintiff can claim these state law damages in a manner inconsistent with the state law's requirements." *Id*.; *see also* **Whitaker v. Mac**, 411 F. Supp. 3d 1108, 1117 (C.D. Cal. 2019) (this Court noted in October 2019 that "nine times more construction-related accessibility actions are being filed in the Central District in 2019 than were filed in 2013"); *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest*., 406 F.Supp.2d 1120, 1131 (S.D. Cal. 2005) (alteration in the original) ("Serious questions of forum shopping necessarily arise '[t]o the extent that the federal claim is used as a bootstrap, merely to facilitate the choice of a federal forum over the pendent state claim'"); *Bouyer v. YS Properties, LLC*, CV 20-2195-CJC (PJWx), 2020 WL 3643520, at *3 (C.D. Cal. Mar. 26, 2020) ("This trend of construction-related-accessibility-claim litigants, especially high frequency litigants like Plaintiff, flocking to federal court threatens to nullify California's efforts to protect its small businesses from such claims").

**B. The Court should decline jurisdiction per 28 U.S.C. § 1367(c)(4) because Plaintiff is a high-frequency filer who employs boilerplate complaint language and whose claims do not meet the *Gibbs* test.**

"The Supreme Court has described 28 U.S.C. § 1367(c) as a codification of the principles of **economy, convenience, fairness, and comity** that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction." *Garibay*, 2019 WL 5204294, at *3 (quoting *City of Chicago*, 522 U.S. at 172-73) (emphasis added) (internal quotation marks omitted). District courts may decline jurisdiction based on "'the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

state and federal claims.'" *Mac*, 411 F.Supp.3d at 1113 (C.D. Cal. 2019) (quoting *City of Chicago*, 522 U.S. at 173).

Numerous courts in this district have declined supplemental jurisdiction over Unruh Act claims in ADA cases pursuant to 28 U.S.C. § 1367(c)(4), based on the existence of "exceptional circumstances" and "compelling reasons." Specifically, "[n]umerous district court cases have recognized that exercising supplemental jurisdiction over a high frequency litigant's Unruh Act claims would frustrate California's policy, as codified by statute, of subjecting such claims to stricter pleading standards and **allow serial litigants to '**use the federal court system as a **loophole** to evade California's pleading requirements.'" *Rutherford v. Leal*, 3:20-CV-0688 GPC RBB, 2020 WL 5544204, at *4 (S.D. Cal. Sept. 16, 2020) (emphasis added).

For example, in a case involving a high-frequency-filing, wheelchair-bound plaintiff who alleges he visited a restaurant that allegedly failed to provide ADA-compliant restrooms, the court found exceptional circumstances and compelling reasons "primarily based on comity" to decline jurisdiction over the plaintiff's Unruh Act claim. *Yiun*, 2020 WL 6083440, at *2; *see Leal*, 3, 2020 WL 5544204, at *4 (emphasis added) ("**Comity** may constitute a compelling circumstance to **decline jurisdiction** when the case presents strong reasons to have the state court interpret state law or when the plaintiff engaged in **forum shopping**").

The *Yiun* Court further observed that its "holding is in line with the growing number of federal courts in California that have declined to exercise supplemental jurisdiction over similar claims." *Yiun*, 2020 WL 6083440, at *4 (collecting cases); *see also* Garibay, 2019 WL 5204294, at *5-*6 (declining jurisdiction under 28 U.S.C. § 1367(c)(4), citing the "astronomical growth in the filing of these cases in federal court" and further reasoning that by declining jurisdiction, the court "is merely restoring the balance Congress struck when it enacted the ADA and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

provided a private right of action for injunctive relief and an award of attorneys'
fees, but did not allow for the recovery of statutory damages"); *Schutza*, 262
F.Supp.3d at 1031 (declining jurisdiction as a matter of comity, because "it would
be improper to allow [a high-frequency disability-discrimination] Plaintiff to use
federal court as an end-around to California's pleading requirements"); *Bouyer*,
2020 WL 3643520, at *4 (declining supplemental jurisdiction as a matter of comity
because (1) California "deserves to be able to enforce" its pleading-litigation
statutory scheme, and (2) "significant forum-shopping considerations here
implicate comity considerations"); ***Whitaker v. RCP Belmont Shore LLC***, LA CV
19-9561 JAK (JEMx), 2020 WL 3800449, at *8 (C.D. Cal. Mar. 30, 2020)
("consideration and balancing of the *Gibbs* factors weighs in favor of declining
supplemental jurisdiction"); ***Whitaker v. Menchie's Group, Inc***., CV 20-2988-CJC-
PVC, 2020 WL 4820759, at *4 (C.D. Cal. Apr. 17, 2020) (court declined
supplemental jurisdiction "as a matter of comity"); ***Whitaker v. Oh You Beauty,
Inc***., CV 20-493-CJC (JPRx), 2020 WL 3803934, at *4 (C.D. Cal. Feb. 6, 2020)
(same); ***Whitaker v. Bedjakian Enterprises, Inc.***, CV 20-1190-CJC (MAAx), 2020
WL 3810269, at *4 (C.D. Cal. Feb. 27, 2020) (same); ***Whitaker v. All Around
Organics, Inc.***, CV 20-01822-CJC(KSX), 2020 WL 5823564, at *4 (C.D. Cal.
Mar. 18, 2020) (same); ***Whitaker v. Tokyo LLC***, CV 20-1821-CJC (AFMx), 2020
WL 4820754, at *4 (C.D. Cal. Mar. 18, 2020) (same); ***Whitaker v. Tesla Motors,
Inc***., 19-CV-01193-AJB-BLM, 2020 WL 2512205, at *4 (S.D. Cal. May 15, 2020)
(same); ***Whitaker v. GGET Larchmont LLC***, CV 19-9411-DMG (JCX), 2020 WL
1972291, at *7 (C.D. Cal. Mar. 17, 2020) ("Declining to exercise supplemental
jurisdiction over Plaintiff's Unruh Act claim in these circumstances supports the
values of judicial economy, convenience, fairness, and comity"); ***Whitaker v. Mac***,
411 F. Supp. 3d at 1116-18 (this Court declined supplemental jurisdiction over

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Whitaker's Unruh Act claim for similar reasons as Judge Anderson stated in *Garibay*).

The Court should note that in all the *Whitaker* cases cited above, the complaint utilized boilerplate language that is the same as or similar to that in Plaintiff's Complaint herein. The *Garibay* Court additionally pointed out "that if plaintiff legitimately seeks to litigate this action in a single forum, plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions." *Garabay*, 2019 WL 5204294, at \*6. A court in the Southern District of California, in a decision issued on November 6, 2020, reported that "since the decision in *Schutza v. Cuddeback*, 262 F.Supp.3d 1025 (S.D. Cal. 2017) declining the exercise of supplemental jurisdiction over related state law claims in an ADA case, the tide has changed and over **931 cases** have favorably cited the decision rejecting supplemental jurisdiction." *Langer v. Honey Baked Ham, Inc*., 3:20-CV-1627-BEN-AGS, 2020 WL 6545992, at \*7 (S.D. Cal. Nov. 6, 2020). Accordingly, "[r]ecently, almost every district judge in the Southern District has declined to exercise supplemental jurisdiction over supplemental state law claims in similar cases alleging violations of the ADA and [the Unruh Act]." *Id*. This Court should follow the example set in *Garabay* and the nearly 1,000 other cases that have rejected attempts by plaintiffs such as Plaintiff Whitaker to make an end-run around California's strict pleading requirements, which are intended to relieve the state's courts from the onslaught of vexatious, baseless disability-discrimination that have the effect of disparaging and crowding out legitimate ADA and Unruh Act claims and protect small businesses from vexatious, shakedown lawsuits. The Court should decline jurisdiction and dismiss the Unruh Act claim.

**C. Denial of Jurisdiction is warranted for the additional reason that Plaintiffs' Unruh Act claims predominate over his ADA claims.**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

A further basis to deny supplemental jurisdiction arises where, as here, the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). A court properly dismisses a state law claim if such claim "'substantially predominates' over a federal claim 'in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Rutherford v. Ara Lebanese Grill*, 18-CV-01497-AJB-WVG, 2019 WL 1057919, at *3 (S.D. Cal. Mar. 6, 2019) (quoting *Gibbs*, 383 U.S. at 726-27).

In the disability-discrimination context, an Unruh Act claim predominates where the ADA claim "appears to be a secondary claim included to justify filing the complaint in [federal] Court, rather than a necessary (let alone predominant) claim in this lawsuit." *Brooke v. Suites LP*, 3:20-CV-01217-H-AHG, 2020 WL 6149963, at *5 (S.D. Cal. Oct. 19, 2020) (internal quotation marks omitted). Moreover, where, as here, a the state law claim offers "more expansive relief," such as the statutory damages and mandatory attorney fee-shifting available under the Unruh Act but not under the ADA (which allows for no damages and only discretionary fee-shifting), a court correctly concludes that the state law claim predominates over the ADA claim. *Schutza v. McDonald's Corp.*, 133 F.Supp.3d 1241, 1247-48 (S.D. Cal. 2015); *see also Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F.Supp.3d 977, 987 (C.D. Cal. 2017) (internal quotation marks omitted) (alteration in the original) (state law claims predominate where the ADA claim "add[ed] nothing to the lawsuit that could not be obtained in Superior Court" and thus served as "merely a jurisdictional hook into federal court"); ***Whitaker v. GGET Larchmont LLC***, CV 19-9411-DMG (JCX), 2020 WL 1972291, at *1, *8 (C.D. Cal. Mar. 17, 2020) (In a case **Plaintiff Whitaker** filed against a restaurant owner in the Southern District based on very similar facts, Judge Gee dismissed Plaintiff's Unruh Act claim, concluding, *inter alia*, that it

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

"substantially predominates over the ADA claim for purposes of 28 U.S.C. section 1367(c)(2)").

Here, given that the purpose of Plaintiff's lawsuit – i.e., the relief sought – is to obtain injunctive relief and attorney fees, with the addition of state law statutory damages at "a minimum of $4,000 for each offense," Compl., at 7:24-8:4, Plaintiff can obtain no relief in this Court that it could not obtain in the superior court, and in the latter court he could obtain more expansive relief under the Unruh Act. Thus, it appears that Plaintiff's Unruh Act claim predominates and his ADA claim is a mere jurisdictional hook to sue Defendants in this Court, where Plaintiff can dodge the state of California's statutory scheme intended to limit repeat filers who sue California "small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation." CCP § 425.55(a)(2). This Court should not allow Plaintiff to misuse the limited resources of the federal court system with his improper shakedown Complaint. Instead, it should decline to take jurisdiction over Plaintiff's state law claim.

## II. Even if the Court accepts jurisdiction over the Unruh Act claim, it should dismiss the Complaint for failing to state a claim.
### A. The standard under Rule 12(b)(6).

A claim filed in federal court may be dismissed based on the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, a complaint that offers no more than "labels and conclusions [or] a formulaic recitation of the elements of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

678 (2009); *accord*, *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015). Further, the Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013); *see Iqbal*, 556 U.S. at 678 (*quoted in Johnson*, 793 F.3d at 1008) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *accord*, *Mollett*, 795 F.3d at 1065. "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." *See Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The Ninth Circuit has distilled the following principles for Rule 12(b)(6) motions: First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

opposing party to be subjected to the expense of discovery and continued litigation. *Id.*

### B. Plaintiff's allegations are insufficient under Rule 12, necessitating dismissal of his Complaint.

### 1. Plaintiff fails to adequately plead a violation of the Unruh Act.

As noted above, Plaintiff's Complaint lacks the allegations required under CCP § 425.50(a) to state a construction-related accessibility claim and thus would not survive demurrer (dismissal) if taken in state court and therefore should not survive dismissal here. Under the Unruh Act, the plaintiff must include in his complaint "(1) an explanation of the specific access barrier or barriers encountered; (2) the way in which the barrier denied the individual full and equal access, or in which it deterred the individual on each particular occasion[;] (3) the date/s when the claimant encountered the specific barriers." *Velez*, 2018 WL 6446169, at *6 n.4; *see* CCP § 425.50(a). A high-frequency filer not alleging physical injury or property damage must make additional allegations: (i) "[w]hether the complaint is filed by, or on behalf of, a high-frequency litigant"; (ii) "the number of complaints alleging a construction-related accessibility claim [the plaintiff] has filed during the 12 months prior to filing the complaint"; (iii) "the reason the individual was in the geographic area of the defendan's business"; **and** (iv) the individual's "specific" purpose for attempting to access the defendant's business. *See* CCP § 425.50(a)(4)(A).

Here, Plaintiff's Complaint does not come close to meeting either set of standards. First, Plaintiff blatantly fails to meet prong (3) of the general filing requirements under CCP § 425.50(a) by providing no specific date of his alleged visit to Defendants' restaurant. Compl. ¶ 10 (alleged visit occurred "in January 2020"). Moreover, while he accuses Defendants of not providing wheelchair-accessible dining surfaces and alleges a lack of sufficient knee and toe space, Plaintiff fails to describe the "specific access barrier" or how any such barrier

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

deterred him on a specific occasion, as required under prongs (1) and (2). Compl. ¶¶ 12-14.[4]

Plaintiff then speculates that "there are other features of the dining surfaces that likely fail to comply with ADA standards" and that "yet other barriers" may exist. Compl. ¶¶ 15, 23-24. Such allegations obviously fail, because "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoted in Somers*, 729 F.3d at 960). Finally, Plaintiff does not even attempt to make the showing required under CCP § 425.50(a)(4)(A). Thus, Plaintiff quite plainly has failed to plead the required allegations to state a claim under the Unruh Act.

Should the court treat the standards under CCP § 425.50 as inapplicable pursuant to *Erie v. Tompkins*, 308 U.S. 64 (1938), Defendants respectfully request that the Court further consider denying jurisdiction under 28 U.S.C. § 1367(c) as argued above in part I, because to do otherwise would "enable[] high-frequency litigants like Plaintiff to duck the burdens of state law but still reap its benefits by filing ADA and Unruh Act claims together in federal court and invoking 28 U.S.C. § 1367(a). This type of gamesmanship significantly undermines California's efforts to reform Unruh Act litigation." *Yiun*, 2020 WL 6083440, at *3.

In any case, Plaintiff's Complaint consists largely of conclusory allegations and statements of law. What few facts Plaintiff does allege are so vague and

---

[4] Plaintiff alleges that once he discovers any barrier, he can sue to remove all barriers whether or not he personally encountered them. Compl., at 4:27-5:3. However, the case on which he relies, *Doron v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008), holds only that where a disabled plaintiff has **standing** to bring an ADA claim, he may conduct discovery to determine what other barriers exist. *Id.* at 1043-44; *see Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) (Doran "speaks only to constitutional standing" and "sheds no light on what a plaintiff's complaint must include to comply with the fair notice requirement of Rule 8").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

lacking in specificity that the Complaint simply does not provide Plaintiff with fair notice of the grounds upon which Plaintiff's claims rest. *Oliver*, 654 F.3d at 908 (complaint that "does not identify the specific barriers for which the plaintiff seeks injunctive relief" does not comply with fair notice requirements under Rule 8). Here, Plaintiff makes vague references to "dining surfaces" and a "path of travel," without specifying any architectural features. *E.g.*, Compl. ¶¶ 12, 13, 20. Moreover, while Plaintiff does include specific complaints about a bathroom sink (without specifying which bathroom), he further admits that he "did not confront [such] barriers." Compl. ¶ 20. Thus, as to such alleged barriers, Plaintiff fails even to meet the first of the three "irreducible constitutional minimum" elements of standing: injury in fact. *Oliver*, 654 F.3d at 907 (internal quotation marks omitted); *see generally Content Media Corp. PLC*, 733 F.3d at 1254 (courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Plaintiff further alleges that the "barriers identified above are easily removed without much difficulty or expense." Compl. ¶ 22. This allegation demonstrates the boilerplate nature of the Complaint. While some of the other dozens or hundreds of similar complaints Plaintiff Whitaker appears to have filed in the Central and Southern Districts may have identified specific barriers, the present Complaint does not. The subsequent paragraph also speaks to Plaintiff's boilerplate-type pleading in this case, because he warns that he will return to Defendants' restaurant apparently for the purpose of policing disability compliance (and supposedly avail himself of "goods") but "currently is deterred from doing so" based on "existing barriers" – which he does not identify with specificity. Compl. ¶ 23. Plaintiff's Complaint, in short, fails to meet the pleading requirements of Rule 8 and, therefore the Court should dismiss his Unruh Act claim – if not because it fails to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

meet California statutory substantive pleading requirements described above – because it fails to state a claim pursuant to Rule 12.

### 2.  Plaintiff also fails to state a claim under the ADA.

For the reasons stated above with regard to Plaintiff's Unruh Act claim, the conclusory allegations and spare, vague factual assertions in Plaintiff's Complaint also are insufficient to state a claim under the ADA. "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusements Enters., Inc*., 603 F.3d 666, 670 (9th Cir. 2010) (*quoted in McDonald's Corp*., 133 F. Supp. 3d at 1245). "'Discrimination' under Title III of the ADA is defined in part to include 'a failure to remove architectural barriers ... where such removal is readily achievable.'" *McDonald's Corp*., 133 F. Supp. 3d at 1245 (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). Here, Plaintiff fails to make the required showing. He fails even to identify the architectural barriers with sufficient specificity to give Defendants notice of what "barriers" they would be obligated to remove. Again, Plaintiff fails to meet the basic standard under Rule 8. The Court should dismiss his ADA claim.

### CONCLUSION

For the foregoing reasons and based on the foregoing authorities, Defendants respectfully request that this Court decline jurisdiction over Plaintiff's Unruh Act claim or, at minimum, order Plaintiff to show cause why the Court should assert supplemental jurisdiction over said claim. In any case, the Court should dismiss Plaintiff's Complaint in its entirety without leave to amend. In the alternative, should the court be disinclined for any reason to grant all of the relief

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

requested, it should stay litigation in this matter to allow the parties to mediate their dispute.

DATED: November 24, 2020          **LOGOS PROFESSIONAL LAW CORPORATION**

By:

                      **Sung-Woo Choi, Esq.**
                      Attorneys for Defendants
                      Westwood Marketplace, LLC
                      A Mi Japanese Restaurant, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

# PROOF OF SERVICE
### F.R.C.P. Rule 5

I, the undersigned, am employed in the County of Los Angeles, State of California, am over the age of 18 years and not a party to this lawsuit. My business address is 3435 Wilshire Boulevard, Suite 1810, Los Angeles, CA 90010.

On November 24, 2020, I served or caused to be served the foregoing document described as**: DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT,** on all interested parties in this action as follows:

Center for Disability Access
Russel Handy, Esq.
Lusine Chinkezian, Esq.
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Email: russ@potterhandy.com

( X ) **BY MAIL:**
I deposited such document in a sealed envelope with postage fully prepaid, in the mail at Los Angeles, California.

( ) **BY OVERNIGHT DELIVERY:**
I caused such document to be delivered overnight from Los Angeles, California, to the business address maintained by the above person(s) as last indicated by that person on a document that he or she has filed in the above-entitled cause and served on this party.

( ) **BY FACSIMILE:**
I transmitted such document by facsimile from Los Angeles, California, to the facsimile machine maintained by the above person(s) as last indicated by that person on a document that he or she has filed in the above-entitled cause and served on this party.

( ) **BY PERSONAL SERVICE:**
I caused such document to be delivered by personally deliver at:

(X ) **BY EMAIL:**
I caused such documents to be delivered by email to the person(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 24, 2020, at Los Angeles, California.

_____
*/s/ Richard Ryu*

22

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**